**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

JUL 15 2026

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

JUAN ZAVALZA-URIBE,

Petitioner,

v.

TODD BLANCHE, Acting Attorney
General,

Respondent.

No. 22-2032

Agency No.
A206-191-438

MEMORANDUM*

On Petition for Review of an Order of the
Board of Immigration Appeals

Argued and Submitted July 10, 2026
Portland, Oregon

Before: GRABER, BERZON, and SUNG, Circuit Judges.

Petitioner Juan Zavalza-Uribe,[1] a native and citizen of Mexico, petitions for

review of a Board of Immigration Appeals ("BIA") decision denying his motion to

---

\* This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

[1] Although the agency's documents refer to Petitioner as Juan Zavalza-
Olleva, Petitioner testified that he has never used the last name Zavalza-Olleva;
rather, officials used that name in error. His application for cancellation of
removal reflects that his last name is Zavalza-Uribe. Accordingly, we use that
name in this disposition.

reconsider its decision denying his motion to reopen his application for cancellation of removal. We deny the petition.

1. To the extent that Petitioner challenges the BIA's decision denying his motion to reopen, the petition is untimely, so we decline to consider his arguments. See Riley v. Bondi, 606 U.S. 259, 274–75 (2025) (holding that the thirty-day deadline for filing a petition for review is a nonjurisdictional claim-processing rule); Suate-Orellana v. Garland, 101 F.4th 624, 629 (9th Cir. 2024) (noting that mandatory claim-processing rules must be enforced if properly raised by a party). The BIA's decision denying reopening issued on September 22, 2022, and Petitioner filed his petition for review more than thirty days later.

2. The BIA did not abuse its discretion by denying Petitioner's motion to reconsider. See Ayala v. Sessions, 855 F.3d 1012, 1020 (9th Cir. 2017) (stating the standard of review).

a. The BIA adequately explained its decision to deny reconsideration of its denial of reopening. The BIA must consider the relevant evidence and explain the basis for its decision, see Franco-Rosendo v. Gonzales, 454 F.3d 965, 966 (9th Cir. 2006) (discussing the abuse of discretion standard for a motion to reopen), but "the BIA 'does not have to write an exegesis on every contention,'" Agonafer v. Sessions, 859 F.3d 1198, 1206 (9th Cir. 2017) (citation omitted). The BIA reiterated its earlier determination that Petitioner was not likely to establish the

level of hardship required to receive cancellation of removal.  In turn, the decision denying Petitioner's motion to reopen reflects that the BIA considered evidence of his daughter's mental health diagnoses and treatment, along with the record as a whole.

b. The BIA did not abuse its discretion by determining that Petitioner failed to establish prima facie eligibility for cancellation of removal.  See Najmabadi v. Holder, 597 F.3d 983, 986 (9th Cir. 2010) (stating reasons for denying a motion to reopen).  Petitioner's motion to reconsider challenged the BIA's evaluation of his evidence, but not the legal standard that the BIA used.  We therefore do not consider whether the BIA applied the correct legal standard.  See Umana-Escobar v. Garland, 69 F.4th 544, 550 (9th Cir. 2023) (discussing the requirement of exhaustion).[2]  And, as a factual matter, the BIA's evaluation of Petitioner's evidence of potential hardship was not arbitrary or irrational.  See Lona v. Barr, 958 F.3d 1225, 1229 (9th Cir. 2020) (describing the abuse of discretion standard).

**PETITION DENIED.**

---

[2] Even if Petitioner's motion to reconsider could be construed as raising a legal argument, Petitioner forfeited any challenge to the legal standard by failing to raise it in his opening brief.  We decline to overlook that forfeiture.